Citation Nr: 1518721 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 07-06 620A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities.

2. Entitlement to an effective date earlier than May 5, 2014 for the grant of service connection for radiculopathy of the sciatic nerve on the right lower extremity.

3. Entitlement to an effective date earlier than May 5, 2014 for the grant of service connection for radiculopathy of the sciatic nerve on the left lower extremity


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Sarah Richmond, Counsel


INTRODUCTION

The Veteran served on active duty from June 1966 to March 1969, active duty for training from April 1987 to December 1987, and active duty from June 1988 to May 1989.

This matter comes before the Board of Veterans' Appeals (the Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland. In February 2008, the RO reduced the Veteran's disability rating for his lumbar spine disability. The Veteran and his representative presented testimony in support of his claim at a September 2010 video conference hearing before the undersigned Veterans Law Judge (VLJ). The Board finds that it would serve no useful purpose to go into any further detail as to the history of the increased rating claim for lumbar spine disability, as that claim is no longer on appeal, except insofar as a derivate claim for entitlement to a TDIU has been raised, pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009). See May 2014 RO Rating Decision; February 2015 Joint Motion for An Order Partially Vacating the Board Decision.

In May 2014, the RO granted entitlement to separate ratings for radiculopathy of the left and right lower extremities, secondary to the Veteran's low back strain with degenerative changes. The Veteran has since submitted correspondence disagreeing with the effective date of the ratings assigned for the radiculopathy of the bilateral lower extremities; but has never been issued a statement of the case.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In a May 2014 Board decision, the Board denied entitlement to an increased rating for the lumbar spine disability and noted that a claim for a TDIU had been denied by the RO in May 2014 and not yet appealed. The Board did not adjudicate the issue of entitlement to a TDIU. Pursuant to a joint motion for partial remand in February 2015, however, the U.S. Court of Appeals for Veterans Claims vacated the portion of the Board's May 2014 decision that denied considering whether entitlement to a TDIU was warranted. The parties to the joint motion found that the Board did not ensure that the issue of a TDIU was properly processed at the Agency of Original Jurisdiction and also failed to explain why the Veteran's request for a TDIU based upon his low back disability was not adjudicated by the Board. Therefore, the parties to the joint motion indicated that the Board should ensure that an SOC or SSOC regarding TDIU was properly issued and then adjudicate the issue of entitlement to a TDIU, pursuant to VA Fast Letter 13-13, page 6 (Dep't of Veterans Affairs, June 17, 2013). The parties to the joint motion noted that the Veteran had abandoned any other theory of entitlement to an increased rating for his lumbar spine disability, except on the basis of entitlement to a TDIU. 

As noted above, the RO granted entitlement to separate ratings for radiculopathy of the bilateral lower extremities in a May 2014 rating decision. Presently two separate 10 percent ratings are assigned for the bilateral lower extremity radiculopathy, effective May 5, 2014. The Veteran has submitted correspondence seeking entitlement to an earlier effective date for the disability ratings for bilateral radiculopathy of the lower extremities. See, e.g., Application for Disability Compensation and Related Compensation Benefits received July 2014 in which the Veteran states he is seeking a retroactive effective date for the grant of service connection for bilateral radiculopathy of the legs in response to the May 2014 rating decision; VA-Form 21-4138, Statement in Support of Claim, received in September 2014 noting that the Veteran is requesting "reconsideration" of an August 2014 rating decision that denied an effective date earlier than May 5, 2014 for the radiculopathy of the left lower extremity. While the Veteran did not use the words, "notice of disagreement" in these statements, the Board construes the Veteran's statements as disagreeing with the effective date assigned for the grant of separate ratings for his bilateral lower extremity radiculopathy. See 38 C.F.R. § 20.201 (a notice of disagreement is a written communication from a claimant expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result.) Therefore, a statement of the case should be issued with respect to these issues. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 19.26, 19.29, 19.30; Manlincon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

1. Send the Veteran a notice letter addressing his claim for entitlement to a TDIU and effective date earlier than May 5, 2014 for the assignment of separate ratings for his radiculopathy of the bilateral lower extremities.

2. Issue a statement of the case to the Veteran and his representative addressing the denial of entitlement to a TDIU and assignment of an effective date of May 5, 2014 for the award of 10 percent ratings for radiculopathy of the bilateral lower extremities. The statement of the case should include all relevant law and regulations pertaining to the claims. The Veteran must be advised of the time limit in which he may file a substantive appeal. See 38 C.F.R. § 20.302(b) (2014). Thereafter, if an appeal has been perfected, these issues should be returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).